IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JANE KATHERINE HOPSON, | |
| Plaintiff, | 3:18-CV-00542-BR |
| v. | ORDER |
| SYBE MEDICAL MANAGEMENT CORPORATION, | |
| Defendant. | |

**BROWN, Senior Judge.**

This matter comes before the Court on Defendant Sybe Medical Management Corporation's Motion (#10) to Dismiss and Alternative Motion to Make More Definite and Certain.

Plaintiff initially filed her Complaint on February 13, 2018, in Washington County Circuit Court.

On March 29, 2018, Defendant removed the action to this Court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441(a)

On April 4, 2018, Plaintiff filed an unopposed Motion (#4) for Leave to File First Amended Complaint. On April 5, 2018, Defendant filed a Motion (#5) to Dismiss. On April 6, 2018, the Court granted Plaintiff's Motion for Leave and denied Defendant's

1 - ORDER

Motion to Dismiss as moot.

On April 6, 2018, Plaintiff filed a First Amended Complaint (#7).

On April 20, 2018, Defendant filed another Motion to Dismiss but she withdrew that Motion on April 23, 2018.

On April 23, 2018, Defendant filed the pending Motion (#10) to Dismiss. On May 16, 2018, Plaintiff filed a Response (#13) to Defendant's Motion in which she requests "permission to amend the complaint to add jurisdictional and venue assertions that the [D]efendant complains are deficient and to clarify the other points that the [D]efendant is objecting to." Plaintiff attaches a proposed Second Amended Complaint.

On May 24, 2018, Defendant filed a Reply (#14) in further support of its Motion and contends the Court should grant the Motion to Dismiss on the ground that Plaintiff has "conceded" the Motion. Defendant also contends any amendment of Plaintiff's Complaint would be futile, and, therefore, the Court should deny Plaintiff's request to amend.

The Court agrees with Defendant that Plaintiff has essentially conceded Defendant's Motion to Dismiss. Although Defendant challenges the sufficiency of Plaintiff's proposed amendments, the Court concludes it is premature for Defendant to do so in light of the fact that the amendments are only proposed and do not provide a firm basis on which the Court should rule.

The Court notes the parties have not yet engaged in any discovery, and it has been less than four months since the case

was first filed in state court.  Based on the multiple amended pleadings and motions to dismiss that have been filed in this short period, it also seems that the parties have not taken seriously the requirements of LR 7-1 to confer effectively with one another.

Nevertheless, leave to amend is entrusted to the sound discretion of the trial court and is to be "freely given when justice so requires."  Fed. R. Civ. P. 15.  Moreover, leave to amend is to be applied with "extreme liberality."  *Moss v. United States Secret Svc.*, 572 F.3d 962, 972 (9th Cir. 2009).  Based on the record as a whole and in the interest of justice the Court **GRANTS** Defendant's Motion (#10) to Dismiss and **DISMISSES** Plaintiff's First Amended Complaint **without prejudice** and **GRANTS** Plaintiff leave to file a Second Amended Complaint **no later than June 20, 2018**.  The Court, however, **DIRECTS** the parties to confer in real time regarding the allegations of the amended complaint before it is filed.  The Court also **DIRECTS** Defendant to file its response to Plaintiff's Second Amended Complaint **no later July 9, 2018**.  To the extent that Defendant's response to the Second Amended Complaint is (after full conferral per L.R. 7-1) another motion to dismiss, the Court **DIRECTS** Plaintiff to file her response thereto on the merits and without delay.  It is unlikely that the Court will grant Plaintiff leave to amend her Complaint again.

IT IS SO ORDERED.

DATED this 31st day of May, 2018.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge